[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10695
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02831-CV-2-IPJ

SUSAN KEITH,

Plaintiff-Appellant,

versus

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
d.b.a. Prudential Financial,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 2, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

This case comes before us a third time.  Susan Keith again appeals the

district court's decision ruling in favor of the defendant Prudential Insurance Company of America ("Prudential") in Keith's action for long-term disability benefits. The background facts are detailed in our first opinion remanding this case. *See Keith v. Prudential Ins. Co. of Am.*, 256 F. App'x 347 (11th Cir. 2007) ("*Keith I*"). On October 23, 2008, we remanded Keith's case a second time for the district court to consider her claim as to steps three and six with the benefit of our decisions in *Oliver v. Coca Cola Co.*, 497 F.3d 1181, *vacated in part on petition for reh'g*, 506 F.3d 1316 (11th Cir. 2007), and *Doyle v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1352 (11th Cir. 2008). *See Keith v. Prudential Ins. Co. of Am.*, 297 F. App'x 879 (11th Cir. 2008) (per curiam) ("*Keith II*"). Having throughly considered the record and the parties' briefs, we now affirm.

A.    **Step 3**

We have required courts to employ a six-step analysis "for use in judicially reviewing virtually *all* ERISA-plan benefit denials." *Williams v. BellSouth Telecomms.*, 373 F.3d 1132, 1137-38 (11th Cir. 2004). We have described step 3 of the six-step analysis as follows: "If the administrator's decision is '*de novo* wrong' and he *was* vested with discretion in reviewing claims, then determine whether 'reasonable' grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard)." *Id.* at 1138.

2

No question exists that Prudential had discretionary authority to determine eligibility or to construe the terms of the Plan. The Plan expressly and unambiguously states that Prudential "has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." In addition, the policy expressly state that Prudential's decision "shall not be overturned unless arbitrary and capricious."

In *Oliver*, we held that "[u]nder the arbitrary and capricious standard of review, the plan administrator's decision to deny benefits must be upheld so long as there is a 'reasonable basis' for the decision." 497 F.3d at 1195 (citation omitted). "The district court's review of the plan administrator's denial of benefits should be limited to consideration of the material available to the administrator at the time it made its decision." *Id.* (internal quotations, citation, and alteration omitted). We held that "we begin with the language of the Plan itself" in determining whether a plan administrator's denial of benefits was arbitrary and capricious. *Id.* (citing 29 U.S.C. § 1104(a)(1)(D)).

Prudential's policy defines "disabled" as "when Prudential determines that: you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury." The policy also

3

requires that a claimant may have to submit "proof" of continuing disability "satisfactory to Prudential," including: (1) that the claimant is under the regular care of a doctor; (2) the appropriate documentation of the claimant's monthly earnings; (3) the date the disability began; (4) appropriate documentation of the disabling disorder; (5) the extent of the disability, including restrictions and limitations that prevent the claimant from performing his or her regular occupation; (6) the name and address of any hospital or institution where the claimant received treatment, including all attending doctors; and (7) the name and address of any doctor the claimant has seen.

Applying *Oliver* in light of our remand order, the district court found that unlike the plan administrator in *Oliver*, Prudential never refused to consider subjective evidence of Keith's disability. Instead, Prudential determined that Keith's complaints were no different than they had been during the time that Keith was able to successfully perform her job duties with reasonable accommodations from her employer. After a thorough review of the policy and the medical evidence, the district court concluded that Prudential's decision was neither arbitrary nor unreasonable. We agree.

Contrary to Keith's contention, the *Oliver* policy and the policy here differ significantly in terms of their requirements for disability. In *Oliver*, the plan

4

merely required a disabled participant to submit "a written application on a form provided by his employer" as well as a "medical certification" of his disability for the claimant to receive benefits. *Oliver*, 497 F.3d at 1196. We specifically noted that no provision of the *Oliver* plan required "objective evidence" of disability. *Id.* Here, however, the plan requires a claimant to present "proof" of her claim, including the "appropriate documentation of the disabling disorder" as well as the "extent of [the claimant's] disability, including restrictions and limitations preventing [the claimant] from performing [her] regular occupation or gainful occupation." The plan further provides that such proof must be "satisfactory to Prudential." These requirements are not *per se* unreasonable. *See Wangenstein v. Equifax, Inc.*, 191 F. App'x 905, 913-14 (11th Cir. 2006) (it is not unreasonable for the plan administrator to demand objective evidence where the plan administrator has discretion to determine what it considers adequate "proof" of disability).

Further, unlike in *Oliver*, Prudential did not "ignore" or "disregard" certain evidence. Prudential has never disputed any of Keith's conditions. Rather, Prudential recognized that Keith had the conditions for many years and had managed to perform her job despite the conditions. Indeed, Keith herself stated that her condition had not deteriorated since she stopped working and she did not expect it to. The opinions of Keith's six medical examiners and two chiropractors

5

included a wide-range of medial diagnoses—from a "normal" physical examination to noting that Keith "looked great" to extremely tender trigger points. As the district court noted in its thorough recount of the medical evidence, Prudential had this evidence reviewed by a registered nursed, a board-certified medical consultant, and an independent medical professional, all of whom reached the same conclusion—that the evidence did not support a claim of disability.

In any event, the record does not indicate that Prudential denied benefits based on Keith's failure to offer objective medical evidence. To the contrary, Prudential considered Keith's subjective complaints. Relying on the opinions of three medical professionals, Prudential denied benefits because all of the record evidence, including Keith's subjective complaints of pain, did not support a finding that she could not perform sedentary work. Like the district court, we cannot conclude that Prudential's decision was arbitrary or unreasonable.[1]

**B.  Step 6**

In *Doyle*, we held that the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008), abrogated the burden-shifting, heightened arbitrary and capricious standard of review that we had previously

---

[1] As the district court also noted, whether we agree with Prudential is irrelevant. The issue before us is only whether the plan administrator reached its decision in a reasonable and non-arbitrary manner. If so, we must affirm the decision. *Williams*, 373 F.3d at 1138.

applied in ERISA benefits cases. *Doyle*, 542 F.3d at 1359. We held "that the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Id.* at 1360. We further held that

> while the reviewing court must take into account an administrative conflict when determining whether an administrator's decision was arbitrary and capricious, the burden remains on the plaintiff to show the decision was arbitrary; it is not the defendant's burden to prove its decision was not tainted by self-interest.

*Id.*

The district court, following our direction in the remand order, specifically considered Keith's claim as to step 6 in light of *Glenn* and *Doyle*. The district court found that Prudential was vested with discretion, that Prudential's decision was reasonable, and that Prudential operated under a conflict of interest. Because the court found that Prudential's denial of benefits was not arbitrary or unreasonable, the only remaining question was whether Prudential's conflict of interest tainted its decision. *See id.*

Keith submits that *Doyle* is inapposite here because the *Doyle* policy required objective proof of disability while the policy at issue here did not. This argument is misplaced. Nonetheless, Keith maintains that Prudential's independent reviewers failed to consider all of the relevant evidence by specifically

7

ignoring Keith's subjective evidence of pain. We are unpersuaded.

The district court found, for a third time, that no evidence existed to show that Prudential was influenced by the conflict. We agree. At each level of review, Prudential considered Keith's evidence. It obtained the opinions of three different medical professionals regarding Keith's disability. When Keith asked for reconsideration of Prudential's denial, Prudential again considered the evidence and sought further evidence, including investigating the previous accommodations made for Keith by her supervisor. The evidence shows that Prudential thoroughly investigated Keith's claim.

Like the plaintiff in *Doyle*, Keith had substantial medical problems—no party disputes that. However, because Prudential was vested with discretion to determine eligibility, the courts owe deference to Prudential's determination. And as in *Doyle*, we cannot say that Prudential abused its discretion in denying Keith benefits. Accordingly, we affirm the district court's judgment in favor of Prudential.

**AFFIRMED**.